JOSEPH P. AND MYRNA A. ANDERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 11211-78.
United States Tax Court
T.C. Memo 1980-220; 1980 Tax Ct. Memo LEXIS 368; 40 T.C.M. (CCH) 530; T.C.M. (RIA) 80220; June 24, 1980, Filed *368 Held, petitioner not entitled to deduct amounts contributed to a Pension Fund by his employers. Joseph P. Anderson, pro se. James A. Nelson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies of $456 and $574 in petitioners' Federal income taxes for 1975 and 1976, respectively. The sole issue for decision is whether petitioners are entitled to deduct amounts contributed to a certain pension fund by petitioner Joseph P. Anderson's employers. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Joseph P. (hereinafter petitioner) and Myrna A. Anderson, filed their 1975 and 1976 joint Federal income tax returns and an amended return for 1975 with the Internal Revenue Service Center at Ogden, Utah. They resided at Puyallup, Washington, when they filed their petition in this case. During 1975 and 1976, petitioner was employed as an electrician and was a member of Local Union 46 of the International Brotherhood of Electrical Workers. He had obtained employment in both the States of Alaska and Washington during those years. The union agreements *369 in effect in Alaska and Washington during 1975 and 1976 provided for certain employee fringe benefits including employer contributions to local union pension funds. These contributions were computed on the basis of the number of hours the employee performed his services. While employed in Alaska during 1975 and 1976, petitioner's employers made contributions in the respective amounts of $2,010 and $2,096 to the Alaska Electrical Pension Fund (hereinafter sometimes referred to as the Pension Fund) on his behalf. [1] Petitioner had never reported any of these amounts in gross income, but claimed deductions on his 1975 and 1976 income tax returns of $2,161 and $2,563, respectively, as a "Union Old Age Benefit Assessment." Petitioner did not have a vested interest in the Pension Fund and will not receive future benefits from such fund. In the statutory notice of deficiency, respondent disallowed the deductions petitioner claimed as a "Union Old Age Benefit *370 Assessment" on his 1975 and 1976 returns. OPINION We must determine whether petitioner is entitled to deduct amounts contributed to the Alaska Electrical Pension Fund by his employers. Petitioner claims he is entitled to the deductions on the basis that he will never obtain the benefit of the contributions made by his employers because his interest in the Pension Fund will never become vested. Respondent maintains that since the Internal Revenue Code of 1954 contains no specific section entitling petitioner to such deductions, they must be disallowed. We agree and hold for respondent. Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Petitioner has neither directed us to nor have we found either a specific section in the Code or principle from the case law which would support the deductions he claimed. The reason for this is clear; petitioner is not entitled to the claimed deductions. Petitioner did direct us to an Internal Revenue Service publication entitled "Your Federal Income Tax," 1976 edition. The publication states that "old age pension fund assessments paid to remain in the union and to *371 hold a job are deductible." [Emphasis added.] Petitioner apparently contends that the aforementioned language refers both to amounts paid by the taxpayer and by the taxpayer's employers. Although the language is unclear, respondent notes that it is merely a simplication of Revenue Ruling 54-190, 1954-1 C.B. 46, which provides that payments of union assessments for the support of an old age pension fund required of union members in order to remain in the union and hold a union job are ordinary and necessary business expenses deductible by the union members. This Ruling refers specifically to assessments paid by union members, not their employers. Respondent further notes that the 1977 edition of that Internal Revenue Service publication was changed to state that "Old age pension fund assessments youpay to remain in the union and to hold a job are deductible." [Emphasis added.] Notwithstanding the confusion on the part of the petitioner, his reliance on that publication was misplaced. First, he never included the payments made by his employers to the Pension Fund in gross income. Thus, the payments could not have been an expense to him because they were *372 never paid or incurred by him. More importantly, however, even if the publication did support his position, such publication is a mere interpretation of the Code, rather than the law on which a taxpayer can place complete reliance. Petitioner simply is not entitled to deduct amounts contributed by his employer to the Pension Fund for failure of vesting of his interest in such Fund. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Petitioner's employers also contributed amounts to the Puget Sound Electrical Workers' Pension Trust, though petitioner has conceded that only the contributions to the Alaska Electrical Pension Fund are at issue in this case.↩